IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
TERRANCE HENRY CORRIGAN, III,    :    CIVIL ACTION
                                 :    NO. 14-1073
         Plaintiff,              :
                                 :
    v.                           :
                                 :
LOCAL 6, BAKERY, CONFECTIONARY   :
    AND TOBACCO WORKERS, et al., :
                                 :
         Defendants.             :
```

**O R D E R**

**AND NOW**, this **4th** day of **March, 2015,** the following is hereby **ORDERED:**

(1)  For the reasons set forth in the accompanying memorandum, Plaintiff's Motion for Summary Judgment (ECF No. 57) is **DENIED,** Defendant Independence's Motion for Summary Judgment (ECF No. 58) is **GRANTED,** and Defendant Union's Motion for Summary Judgment (ECF No. 59) is **GRANTED.**

(2)  Defendant Independence's Amended Motion to Dismiss (ECF No. 40) and Motion for Leave to File a Reply Brief (ECF No. 48) are **DENIED as moot.** Defendant Union's Motion to Modify Scheduling Order (ECF No. 55) is **DENIED as moot.**

(3)  Plaintiff's Motion to Amend Complaint and Extend Discovery (ECF No. 50), Amended Motion for Leave to

File a Third Amended Complaint and to Extend Discovery

(ECF No. 64),[1] and Motion for Reconsideration (ECF No.

53) are **DENIED.**[2]


      **AND IT IS SO ORDERED.**


                        **/s/ Eduardo C. Robreno**
                        **EDUARDO C. ROBRENO,   J.**

---

[1]    Plaintiff seeks to add to his Complaint an additional breach of contract claim against Defendant Independence. This claim, like his current breach of contract claim, is preempted by ERISA for the reasons set forth in the accompanying memorandum. Therefore, the proposed amendment would not survive a motion to dismiss, and allowing it would be futile. See Schneider v. Arc of Montgomery Cnty., 497 F. Supp. 2d 651, 659-60 (E.D. Pa. 2007) (Robreno, J.) (noting that "a district court has discretion to deny a request to amend if it is apparent from the record" that the amended complaint cannot survive a motion to dismiss).

[2]    The Court previously precluded Plaintiff from deposing a representative of Defendant Independence until further order from the Court (ECF No. 51). As the Court now finds that Plaintiff's claims against Independence are barred as a matter of law, there is no need for the requested deposition.